UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALLEN GRADY,                          )
                                      )
    Movant,                           )
                                      )
v.                                    )     CV421-100
                                      )     CR419-177
UNITED STATES OF                      )
AMERICA,                              )
                                      )
    Respondent.                       )

# REPORT AND RECOMMENDATION

Allen Grady moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. CR419-177, doc. 49; CV421-100, doc. 1. He identifies as his sole ground ineffective assistance of counsel "for not filing an appeal." Doc. 49 at 4.[1] He expands on this ground in his memorandum in support of his Motion, explaining that he informed his counsel that he wished to appeal his case, and despite that instruction and his own attempt to file the appeal *pro se*, counsel did not pursue his appeal. Doc. 50 at 16-18, 24. Grady also argues counsel failed to adequately consult with him about an appeal. *Id.* at 23. He contends

---

[1] The Court cites to the criminal docket in CR419-177 unless otherwise indicated.

that she abandoned him on appeal, even though she did not seek to withdraw from his case, *id.* at 25-26, and this Court abused its discretion when it failed to appoint him a new lawyer, *id.* at 26-28. The Government has responded and conceded that Grady's counsel "rendered ineffective assistance of counsel by failing to represent him on appeal." Doc. 57 at 5. For the reasons that follow, Grady's § 2255 Motion should be **GRANTED**, in part, and he should be permitted to file an out-of-time appeal. The judgment in his criminal case should be **VACATED** and an identical sentence re-imposed. All other claims raised in his § 2255 motion should be **DISMISSED** without prejudice, and civil action CV421-100 should be **CLOSED**.

**I.    BACKGROUND**

Grady was indicted on charges of Conspiracy to Possess with Intent to Distribute and to Distribute cocaine, oxycodone, MDMA, and marijuana, and Unlawful Use of Communication Facility. CR418-147, doc. 437 (Third Superseding Indictment). He initially retained attorney Charles Loncon to represent him in that indicted matter. Doc. 128. He later retained attorney Daveniya Fisher. Doc. 356. The Government eventually filed an information charging Grady with conspiracy to

commit money laundering. CR419-177, doc. 1. He waived indictment in the subsequent case and proceeded on the criminal information.[2] Doc. 8. The Court provided Loncon[3] and Fisher with its standard Notice to Retained Criminal Defense Attorneys, which among other things, informed them that "a convicted defendant's case is not concluded until his direct appeal is decided" and of the expectation that they "contemplate services to be rendered upon appeal." Doc. 5 at 1.

Grady pleaded guilty to the money laundering conspiracy charge pursuant to a written plea agreement. Doc. 10 (Change of Plea); doc. 11 (Plea Agreement). Grady's plea agreement includes a waiver of his right to a direct appeal of his conviction and sentence, except that he "may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing, or (3) the Government appeals the sentence." Doc. 11 at 4. Judge Wood

---

[2] The indicted charges were dismissed. CR418-147, doc. 583.

[3] Grady's § 2255 Motion and the Government's response both focus on Fisher's representation. However, the docket in CR419-177 indicates that both Fisher and Loncon remain counsel of record.

sentenced Grady to 240 months imprisonment and three years of supervised release. Doc. 36 (Judgment).

Although represented by counsel, Grady filed a *pro se* Notice of Appeal. Doc. 37. Shortly thereafter, Fisher filed this Court's standard Notice of Counsel's Post-Conviction Obligations, which confirmed her understanding that she remained Grady's counsel on appeal "until successor counsel either enters an appearance of is appointed under the Criminal Justice Act" and that she "may not abandon or cease representation of [Grady] except upon order of the court." Doc. 38 at 1. That same form indicates that Grady instructed her to file an appeal on his behalf. *Id.* at 3. However, despite that instruction, after several warnings from the appellate court, Grady's appeal was ultimately dismissed by the Eleventh Circuit for want of prosecution for failure to pay the filing and docketing fees and file a Transcript Order Form. Doc. 47. Grady then filed his § 2255 motion arguing his counsel rendered ineffective assistance by failing to pursue his appeal. Doc. 49.

## II.  DISCUSSION

Ineffective assistance of counsel claims are subject to the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

*Massaro v. United States*, 538 U.S. 500, 505 (2003); *United States v. Armstrong*, 546 F. App'x 936, 940 (11th Cir. 2013). To succeed, Grady must show counsel was constitutionally ineffective under the two prongs of *Strickland* by proving her performance was deficient and prejudicial. Under the first prong, Grady must show "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the prejudice prong, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Disregarding specific instructions from a defendant to file a notice of appeal demonstrates professionally unreasonable representation and is *per se* ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The bright-line rule as explained by the Eleventh Circuit states: "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995). An attorney's failure to file *or perfect* a direct appeal supports a

finding of ineffective assistance. *Cannon v. Berry*, 727 F.2d 1020, 1022 (11th Cir. 1984).

Grady's agreement to an appeal waiver does not automatically relieve his counsel of her obligations. It is well-settled that waiver of appeal provisions in plea agreements are enforceable if the waivers are knowing and voluntary. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001)); *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). However, Grady retained the right to appeal at least some issues despite the waiver he signed. *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 747 (2019). "In other words, [Grady] had a right to a proceeding, and he was denied that proceeding altogether as a result of counsel's deficient performance." *Id.*

Here, the record demonstrates that Grady expressly communicated to his attorney that he wished to file an appeal. Doc. 38 at 3. Grady himself filed a notice of appeal when he felt his counsel was ignoring his wishes. Doc. 37; *see also* doc. 50 at 16-17. The Government concedes that "Fisher rendered ineffective assistance by failing to perfect the appeal and leaving Grady without the assistance of counsel on appeal." Doc. 57

at 7. It also concedes that Grady is entitled to relief in the form of an out-of-time appeal. *Id.*

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following manner:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). "The purpose of the *Phillips* out-of-time appeal remedy is to restore the defendant to the same position that he would have been in had his lawyer filed a timely appeal on his behalf." *United States v. Palacios*, 516 F. App'x 734, 738 (11th Cir. 2013) (citing *McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002)). Here, although the issue is counsel's failure to perfect Grady's appeal, the remedy should be the same. The Court should, therefore, employ the *Phillips* procedures to re-institute Grady's right to appeal. Because Grady is entitled to an out-of-time appeal, the Court should decline to address any of his remaining ineffective

7

assistance of counsel claims and dismiss those claims without prejudice. *See United States v. Wiles*, 563 F. App'x 692, 695 (11th Cir. 2014).

As the Court observed above, Fisher and Loncon both remain on the docket as counsel of record in the operative criminal proceeding. *See* CV419-177 docket. Neither has filed a motion to withdraw from that matter, and Grady does not currently have pending either a request to proceed *pro se* or a motion for appointed counsel. *See generally id.*; *see also* S.D. Ga. L. Civ. R. 83.7; S.D. Ga. L. Crim. R. 1.1.

### III. CONCLUSION

Ground One of Grady's § 2255 Motion should be construed as a request to file an out-of-time appeal and should be **GRANTED**. Doc. 49, in part. The judgment in his criminal case should be **VACATED** and an identical sentence re-imposed. Doc. 36. All other claims raised in his § 2255 motion should be **DISMISSED** without prejudice, and civil action CV421-100 should be **CLOSED**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA