# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALLEN GRADY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV421-100 |
| | ) | CR419-177 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Allen Grady moved to vacate, set aside, or correct his federal sentence. CR419-177, doc. 49; CV421-100, doc. 1.[1] The Magistrate Judge recommended that his Motion be granted. Doc. 58. Although the Court adopted that recommendation, Grady's Motion was erroneously dismissed. Doc. 59. Grady appealed. Doc. 61. During the pendency of Grady's appeal, the Court entered an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1. Doc. 65. The United States Court of Appeals for the Eleventh Circuit has remanded this case for this Court

---

[1] For clarity, the Court cites to the docket in the criminal case, CR419-177, unless otherwise noted.

to rule as indicated in its prior Order.  Doc. 70 at 3.  The Court enters the instant Order in compliance with the Court of Appeals' direction.

## I. PROCEDURAL HISTORY

Grady was indicted on charges of Conspiracy to Possess with Intent to Distribute and to Distribute cocaine, oxycodone, MDMA, and marijuana, and Unlawful Use of Communication Facility.  *United States v. Griffin, et al.*, CR418-147, doc. 437 (S.D. Ga. July 10, 2019) (Third Superseding Indictment).  The Government subsequently filed an information charging Grady with conspiracy to commit money laundering.  *United States v. Grady*, CR419-177, doc. 1 (S.D. Ga. Oct. 23, 2019).  He waived indictment,[2] doc. 8, and pleaded guilty to the money laundering conspiracy charge pursuant to a written plea agreement.  Doc. 10 (Change of Plea); doc. 11 (Plea Agreement).  This Court sentenced Grady to 240 months imprisonment and three years of supervised release.  Doc. 36 (Judgment).

Although represented by counsel, Grady filed a *pro se* Notice of Appeal.  Doc. 37.  Grady's appeal was ultimately dismissed by the

---

[2] The indicted charges were dismissed.  CR418-147, doc. 583 (S.D. Ga. Sept. 29, 2020).

Eleventh Circuit for want of prosecution. Doc. 47. Grady then filed his § 2255 Motion arguing his counsel rendered ineffective assistance by failing to pursue his appeal. Doc. 49. The Government responded and conceded that Grady's counsel "rendered ineffective assistance of counsel by failing to represent him on appeal." Doc. 57 at 5. The Magistrate Judge recommended that Ground One of Grady's § 2255 Motion be construed as a request to file an out-of-time appeal and be granted, and that all other claims raised in his § 2255 motion be dismissed without prejudice. Doc. 58 at 2. The Magistrate Judge further recommended that the judgment in Grady's criminal case be vacated and an identical sentence re-imposed. *Id.*

The Court, upon review of the Magistrate Judge's Report and Recommendation, adopted the R&R as its opinion. *See* doc. 59. However, the Order then mistakenly stated that Grady's § 2255 Motion was denied. *Id.* at 1. Based on that internally inconsistent Order, the Court entered judgment dismissing Grady's habeas proceedings, doc. 60, and did not vacate and re-impose Grady's sentence. *See generally* docket.

## II.    ANALYSIS

The Court's November 16, 2022 Order contains a mistake. Doc. 59. While it correctly adopted the Magistrate Judge's Report and Recommendation, it incorrectly stated that Grady's § 2255 motion was denied. *Id.* Therefore, the judgment entered is also incorrect. Doc. 60. Federal Rule of Civil Procedure 60(a) allows a court *sua sponte* to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Similarly, Rule 60(b) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other things, mistake or inadvertence. Fed. R. Civ. P. 60(b)(1). The Court's Order denying Grady's § 2255 motion contains a mistake. Doc. 59. The judgment is, therefore, also based on a mistake. *See* doc. 60. Accordingly, under the particular circumstances of this case, the Court's prior Order, doc. 59, and Judgment, doc. 60, are **VACATED**.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. CR419-177, doc. 58; CV421-100, doc. 6.

4

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  For the reasons explained by the Magistrate Judge, doc 58 at 5-8; *see also, e.g., United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the Court:

1. **GRANTS Ground One** of**,** Grady's § 2255 Motion, CR419-177, doc. 49; CV421-100, doc. 1;

2. **DISMISSES** without prejudice all other claims raised in Grady's § 2255 Motion and memorandum in support, *see* CR419-177, doc. 50; CV421-100, doc. 2;

3. **VACATES** the judgment in Grady's criminal case, CR419-177, doc. 36, **RE-IMPOSES** the identical sentence,[3] and **CLOSES** civil case number CV421-100;

4. **DIRECTS** United States Magistrate Judge Christopher L. Ray to appoint counsel under the Criminal Justice Act to assist Grady with his direct appeal; and

---

[3] The purpose of this resentencing is only to "reset the clock" to allow "for filing an appeal by entering a new judgment identical to the first but for the effective date," which does not raise due process concerns. *United States v. Palacios*, 516 F. App'x 734, 739 (11th Cir. 2013) (citing *United States v. Parrish*, 427 F.3d 1345, 1347-48 (11th Cir. 2005)).

5. **ADVISES** Grady as follows:

   a. Grady has the right to a direct appeal with the Eleventh Circuit Court of Appeals, with the assistance of counsel, free of charge, if he is indigent.

   b. To exercise this right, Grady must timely file a notice of appeal and comply with all appellate form completion and briefing obligations.

   c. With few exceptions, any notice of appeal must be filed withing fourteen days of the re-imposition of sentence.

   d. If Grady cannot pay the filing fee associated with filing an appeal, he may move to proceed *in forma pauperis* on appeal.

The Government has also moved for the Court to comply with the Court of Appeals' instructions. *See* CR419-177, doc. 71. Given the disposition above, that Motion is **DISMISSED** as moot. *Id*.

**SO ORDERED** this 31st day of January, 2024.

_____
**HON. LISA GODBEY WOOD, JUDGE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**